**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**In re BAYCOL PRODUCTS LITIGATION**

MDL No. 1431 (MJD/JGL)

This Document relates to:

**One Hundred Forty-Two (142) Branch Law Firm Cases Listed as "Other Unacceptable PFS submissions pursuant to PTO 81 Order w/ 12/08/04 deadline"**

**REPORT AND RECOMMENDATION**

---

APPEARANCES

Turner W. Branch, Esq., for Plaintiffs

Susan A. Weber and Fred T. Magaziner, Esqs., for Defendants

Jean M. Geoppinger, Esq., for the Plaintiffs' Steering Committee

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiffs' Motion in Anticipation of Possible Dismissal Under PTO 81 and Reconsideration, in relation to "One Hundred Forty-Two (142) Branch Law Firm Cases listed as 'Other Unacceptable PFS (Plaintiff Fact Sheet) submissions pursuant to PTO 81 and Order w/ 12/08/04 deadline.'" This case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and D. Minn. LR 72.1.

## I. INTRODUCTION & PROCEDURAL BACKGROUND

Presently before this Court is a Motion by the Branch Law Firm seeking to reinstate the cases of 142 of its clients whose suits have been dismissed with prejudice after being listed on this Court's so-called "Other unacceptable PFS submissions pursuant to PTO 81 Order w/ 12/08/04 deadline." (See Warning Order of Nov. 23, 2004.) The Plaintiffs at issue are listed in Plaintiffs' Exhibit 1 attached to their Memorandum in Support of their Motion and again to their Reply in Support of their Motion. However, Plaintiff Larry Kupner, Civ. No. 04-3593, is duplicatively listed. Additionally, Plaintiffs David Bacharach, Jr., Civ. No. 04-3588, and Stanley Collins, Civ. No. 04-3624, are erroneously listed because their cases were not dismissed. (Defs.' Mem. Opp'n Mot. at 1, n.1; PSC Mem. Resp. Mot. at 1, n.1.) Hence, only 138 Branch Law Firm Plaintiffs remain at issue. The procedural background of the cases follows.

On August 5, 2004, Complaints were filed in the District of Minnesota for the Plaintiffs catalogued in Plaintiffs' Exhibit 1. Each Complaint listed the law firm of Zimmerman Reed, PLLP ("Zimmerman Reed") as lead counsel and listed the Branch Law Firm as co-counsel. (PSC Mem. Resp. Mot. Ex A: Geoppinger Decl. ¶ 4, and Ex. B: Hauer Decl. ¶¶ 2-3.) Likewise, each Complaint was physically signed by a Zimmerman Reed attorney. (Mizgala Decl. ¶¶ 1-3 and Exs. A-B.)

Pursuant to the terms of PTO 81, each Plaintiff's Plaintiff Fact Sheet ("PFS") and executed authorizations were due on September 20, 2004, forty-five days after the Complaints were filed. (PTO 81 § I.A.3.) Additionally, Plaintiffs' responsive documents were due on October 4, 2004, sixty days after the Complaints were filed. (Id.) It is undisputed that the Plaintiffs at issue failed to timely or fully comply with PTO 81. This noncompliance is not explained by Plaintiffs.

According to the enforcement provision of PTO 81, on October 14, 2004, James W. Mizgala, counsel for Defendants responsible for supervising the intake and review of Plaintiffs' discovery submissions, sent Zimmerman Reed notice that the Plaintiffs at issue were delinquent in their discovery obligations. (Mizgala Decl. ¶ 5; Hauer Decl. ¶ 4 and Ex. 1; Geoppinger Decl. ¶ 6 Ex. 1.) At the same time, Mr. Mizgala notified the Branch Law Firm directly that three other Plaintiffs' discovery responses were delinquent. (Geoppinger Decl. ¶ 6 Ex. 2.) The following day, the Branch Law Firm received another notice, from the Plaintiffs' Steering Committee ("PSC"), that an unspecified number of its Plaintiffs were subject to dismissal because of delinquent discovery. (Pls.' Mem. Supp. Mot. Ex. A; Geoppinger Decl. ¶ 6 and Ex. 3.) Attached to the PSC communication of October 15 was a complete listing of all then-delinquent Plaintiffs, with three Branch Law Firm clients identified under the listing for the Branch Law Firm, and 141 Branch Law Firm clients

identified under the listing for Zimmerman Reed. (Pls.' Mem. Supp. Mot. Ex. A; Geoppinger Decl. ¶ 6 and Ex. 3.)

In accordance with PTO 81, the PSC and Defendants met and conferred to develop a stipulated list of plaintiffs who had not yet provided necessary discovery, and submitted that list to this Court by letter dated November 19, 2004. (Mizgala Decl. ¶ 7-8 and Ex. E.) The list included the Plaintiffs now at issue. The same day, the PSC e-mailed the Branch Law Firm to "make sure that [it was] aware that [it] had several cases about to be dismissed due to a lack of a PFS" that were listed under Zimmerman Reed's name. (Pls.' Mem. Supp. Mot. Ex. C.) On November 22, the Branch Law Firm responded to the PSC and asked for a list of Plaintiffs under Zimmerman Reed's name, as the list was omitted from the PSC's November 19 e-mail message. (Pls.' Mem. Supp. Mot. Ex. D.) The PSC responded the same day by re-sending the list, asking the Branch Law Firm to verify if the clients listed under Zimmerman Reed were appropriately categorized as delinquent.

On November 23, 2004, this Court issued a standard Order warning plaintiffs who had failed to comply with discovery – including the Plaintiffs at issue – that their cases would be recommended for dismissal with prejudice if they failed to produce all necessary discovery by the close of business on December 8, 2004. Pursuant to PTO 81 § IV, the PSC sent the Branch Law Firm a warning letter the following day, which included a copy of

this Court's Order. (Geoppinger Decl. ¶ 9 and Ex. 5.) The letter was received by the Branch Law Firm on November 26, 2004. (Geoppinger Decl. ¶ 9 and Ex. 6.) In capital, boldface, and italic typeset, the PSC letter specified that the December 8 deadline was the Branch Law Firm's last chance to save its clients' cases by complying with discovery requirements, securing an extension to do so, or negotiating with Defendants for dismissal without prejudice. (Geoppinger Decl. Ex. 6 at 2.)

On January 3, 2005, prior to stipulating to the list of Plaintiffs to be dismissed pursuant to this Court's Order of November 23, 2004, the PSC asked the Branch Law Firm to verify the accuracy of Defendants' notes regarding the status of the 141 Branch Law Firm cases then in question. (Geoppinger Decl. ¶ 10 and Ex. 7.) The PSC asserts that the law firm confirmed the notes and also confirmed that its Plaintiffs had failed to timely comply with discovery obligations. (Geoppinger Decl. ¶ 10.) The PSC asserts that because the Branch Law Firm admitted its noncompliance, Defendants declined to remove the 141 Plaintiffs from the dismissal list. (Geoppinger Decl. ¶ 11 and Ex. 8; Pls.' Mem. Supp. Mot. Ex. J at 2.) Shortly thereafter, two clients whose had been submitted for settlement were removed. (Geoppinger Decl. ¶ 11 and Ex. 9.) With Plaintiff Kupner listed twice, that left 138 Branch Law Firm Plaintiffs on the proposed dismissal list. On January 5, 2005, the PSC advised the Branch Law Firm that the PFSs of Plaintiffs at issue were

deficient because not all authorizations and / or responsive documents were submitted with the PFSs. (Pls.' Mem. Supp. Mot. Ex. J.)

On January 14, 2005, the PSC and Defendants submitted their stipulated dismissal orders for Plaintiffs who had not complied with the December 8, 2004 deadline set by this Court. (Geoppinger Decl. ¶ 12 and Ex. 10.) As is customary, the PSC did not stipulate to dismiss plaintiffs who had submitted partial and deficient discovery, although it did stipulate to Defendants' recitation of facts regarding those plaintiffs' failure to fully comply with PTO 81. (Pls.' Mem. Supp. Mot. Ex. J at 2; Geoppinger Decl. Ex. 10.) On January 24, 2005, the Honorable Michael J. Davis entered Orders dismissing the 138 Plaintiffs' claims who are the subject of the instant Motion. This Motion was also filed on January 24, 2005. After Defendants timely responded in opposition and Plaintiffs timely replied in support of the Motion, Defendants moved for leave to file and did file a sur-reply. The PSC also filed a submission regarding factual assertions in Plaintiffs' Motion.

## II. DISCUSSION

Plaintiffs primarily assert that because the Branch Law Firm did not receive a sufficiently specific reminder from the PSC that the Plaintiffs at issue were delinquent in producing discovery required by PTO 81, this Court should reinstate the cases of the 138 Plaintiffs dismissed on January 24. In opposing the Motion, Defendants note, and this Court agrees, that nothing in

PTO 81 makes a plaintiff's duty to respond to discovery contingent upon the specificity of PSC reminder letters.

The Court recommends denying Plaintiffs' Motion. The Branch Law Firm has never explained why it failed to originally comply with the strictures of PTO 81. Moreover, the law firm has failed to explain why, after the PSC's particular warning on November 19, its Plaintiffs nonetheless failed to fully comply with their clear discovery obligations before the Court-imposed deadline. The Branch Law Firm also unconvincingly asserts that its failure to seek an extension prior to the December 8 deadline was justified because the firm did not believe an extension would be granted. Especially given the PSC's advice to the Branch Law Firm to proceed in one of three manners – to fully comply with PTO 81, to negotiate for non-prejudicial dismissal, or to request an extension – this Court finds the law firm's choice to provide only inadequate discovery inexcusable. Finally, the Court finds equally unavailing the law firm's argument that its partial compliance with PTO 114 in early January should excuse its noncompliance with PTO 81 from August through December. Especially considering Defendants' uncontroverted claim that Plaintiffs at issue have still failed to fully comply with PTO 81, the Court cannot find that a reconsideration of Judge Davis's Order dismissing Plaintiffs is warranted. Plaintiffs' Motion should be denied.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion in Anticipation of Possible Dismissal Under PTO 81 and Reconsideration, in relation to "One Hundred Forty-Two (142) Branch Law Firm Cases listed as 'Other Unacceptable PFS (Plaintiff Fact Sheet) submissions pursuant to PTO 81 and Order w/ 12/08/04 deadline'" should be **DENIED**.

Dated: March 28, 2005

_s/ Jonathan Lebedoff_____________
JONATHAN LEBEDOFF
Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties by April 14, 2005 written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.